IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michele Albano, | ) |
|       Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| | ) |
| Mazak Optonics Corporation, | ) |
|       Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, Michele Albano, by and through her attorneys, Anesi Ozmon, Ltd., and complaining of the Defendant, Mazak Optonics Corporation (hereinafter "Defendant"), alleges as follows:

### JURISDICTION AND VENUE

1. This suit is brought and jurisdiction lies pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("the Federal Equal Pay Act" or "FEPA").

2. Suit is also brought pursuant to the Illinois Human Rights Act, 775 ILCS 5/2 ("the IHRA") and the Illinois Equal Pay Act, 820 ILCS 112 ("the Illinois Equal Pay Act" or "IEPA"). This Court has jurisdiction of the state law claims pursuant to 28 U.S.C. §1367(a) as they are so related to the federal claims as to form the same case or controversy.

3. Venue lies properly within the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b)(1), as Defendant resides or exists in the Northern District of Illinois, Eastern Division, and all of the events and omissions giving rise to this claim occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

4. Plaintiff is a United States citizen and a resident of Lake Barrington, Illinois.

5. Defendant is an Illinois corporation operating by virtue of the laws of the State of Illinois.

6. Defendant at all relevant times was operating its business in Elgin, Illinois and has its principal place of business in Elgin, Illinois.

7. At all relevant times, Defendant is a "person" within the meaning of Title VII.

8. At all relevant times, Defendant was and is engaged in an industry that affects commerce within the meaning of Title VII.

9. At all relevant times, Defendant is an "employer" within the meaning of Title VII.

10. At all relevant times, Defendant employed fifteen (15) or more employees.

11. At all relevant times, Plaintiff was an "employee" within the meaning of Title VII.

12. At all relevant times, Defendant is an "employer" within the meaning of IHRA.

13. At all relevant times, Plaintiff was an "employee" within the meaning of the IHRA.

14. At all relevant times, Plaintiff was an "employee" within the meaning of FEPA.

15. At all relevant times, Defendant was an "employer" within the meaning of FEPA.

16. At all relevant times, Plaintiff was an "employee" within the meaning of IEPA.

17. At all relevant times, Defendant was an "employer" within the meaning of IEPA.

## CONDITIONS PRECEDENT

18. A charge of employment discrimination was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") within 300 days of Defendant's alleged employment discrimination.

19. That charge of discrimination was automatically cross-filed with the Illinois Department of Human Rights (IDHR) pursuant to the work sharing agreement between the EEOC and IDHR.

20. More than thirty (30) days prior to filing this lawsuit, Plaintiff filed a charge of discrimination with the EEOC alleging violations of the Title VII.

21. The EEOC has not yet issued to Plaintiff a Notice of Right to Sue regarding Plaintiff's sex discrimination and retaliation claims; Plaintiff will move to amend this complaint within 90 days of receipt of a Notice of Right to Sue from the EEOC to assert claims under Title VII.

22. Suit is also brought pursuant to the IHRA regarding discrimination and retaliation claims on the basis of sex.

23. The IDHR has not yet issued to Plaintiff a Notice of Right to Sue regarding Plaintiff's IHRA claims; Plaintiff will move to amend this complaint within 90 days of receipt of a Notice of Right to Sue from the IDHR to assert claims under the IHRA.

**FACTS COMMON TO ALL CLAIMS**

24. Plaintiff began full time employment with Defendant on or about April 23, 2019.

25. Plaintiff was employed by Defendant continuously thereafter until her termination on December 1, 2021.

26. Plaintiff is a woman.

27. Plaintiff worked at Defendant's facility located at 2725 Galvin Ct., Elgin, IL 60124 ("the Elgin Facility").

28. At the time her employment ended, Plaintiff's job title with Defendant was Human Resources Manager.

29. As HR Manager, Plaintiff was a member of the executive team at Mazak.

30. During Plaintiff's employment with Defendant, there were approximately eight (8) employees including Plaintiff who were part of the executive team at any given time.

31. During Plaintiff's employment with Defendant, the total number of employees who were on the executive team for all or part of that time period was approximately fourteen (14).

32. During Plaintiff's employment with Defendant, some of the executive team members were male and some were female.

33. The females, including Plaintiff, were paid substantially less than the males on the executive team during Plaintiff's employment with Defendant.

34. Plaintiff had similar or greater experience, training and/or education compared to the male members of the executive team during Plaintiff's employment with Defendant.

35. Plaintiff performed the same or substantially similar work to her male counterparts on the executive team during Plaintiff's employment with Defendant.

36. Plaintiff's job required substantially similar skill, effort, and responsibility to that of her male colleagues on the executive team during Plaintiff's employment with Defendant.

37. On several occasions, Plaintiff complained to Albert Bohlen III, President of Mazak ("Bohlen"), about the unequal pay between women and the men on the executive team.

38. On several occasions, Plaintiff informed Bohlen that the females on the executive team were paid substantially less than the males.

39. On December 1, 2021, Plaintiff was terminated or constructively discharged by Defendant after having complained about the pay disparity between the females and the males on the executive team.

40. Plaintiff's termination or constructive discharge was in retaliation for complaining about unequal pay between the women and the men on the executive team.

41. The reason claimed by Defendant for Plaintiff's termination is that Plaintiff voluntarily quit.

42. Defendant's proffered reason for Plaintiff's termination is a pretext for the actual reason for Plaintiff's termination.

## COUNT I
## EMPLOYMENT DISCRIMINATION ON THE BASIS OF SEX

43. Plaintiff incorporates paragraphs 1 through 42, as if fully set forth herein.

44. Defendant engaged in sex discrimination against Plaintiff by paying her substantially less than her male counterparts.

45. Despite her repeated complaints, Plaintiff continued to be paid substantially less than her male counterparts.

46. Plaintiff experienced sex discrimination in violation of Title VII and IHRA.

47. Defendant was wanton, reckless and intentional in the discrimination of Plaintiff in the following ways:

    a. In failing to pay Plaintiff the same or similar amount to her male counterparts;

    b. In failing to protect Plaintiff from sex discrimination; and

    c. Terminating Plaintiff after she complained about unequal pay.

48. In failing to protect Plaintiff from sex discrimination Defendant acted with malice or reckless indifference to her rights under Title VII and the IHRA.

49. Defendant violated Title VII and IHRA by allowing the sex discrimination to exist in the workplace.

50. Plaintiff's sex was a determining factor in Defendant's disparate treatment of her.

51. The unlawful employment practices complained of herein were willful and wanton.

52. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered the loss of employment, salary, commissions, bonuses, benefits, and employment opportunities.

53. As a direct and proximate result of Defendant's discrimination against Plaintiff, Defendant has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, emotional distress and other non-pecuniary losses.

WHEREFORE, Plaintiff, Michele Albano, prays for the following relief:

a. Back pay and lost or diminished benefits;

b. Equitable relief in the form of reinstatement or, in the alternative, front pay and the value of lost future benefits;

c. Compensatory and make whole damages;

d. An award of damages for embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and emotional distress;

f. Punitive damages;

g. Prejudgment interest;

h. Attorneys' fees, expert witness fees and costs; and

i. All other relief just and proper in the premises.

## COUNT II
## RETALIATION ON THE BASIS OF SEX

54. Plaintiff incorporates paragraphs 1 through 42, as if fully set forth herein.

55. Under the provisions of the Title VII and the IHRA, it is unlawful for an employer to retaliate against an employee who has engaged in protected activity of complaining about sex discrimination in the workplace.

56. Plaintiff engaged in protected activity by complaining about women on the executive team being paid substantially less than the men.

57. After Plaintiff complained about that unequal pay, Defendant retaliated against Plaintiff in violation of Title VII and the IHRA by:

    a. Allowing the unequal pay to continue to exist; and

    b. Terminating or constructively discharging Plaintiff.

58. Plaintiff was fired or constructively discharged as a result of engaging in protected activity in violation of Title VII and the IHRA.

59. Plaintiff's complaints about unequal pay was a determining factor in Defendant's retaliation; but for Plaintiff complaining about unequal pay, she would not have been retaliated against.

60. Defendant's proffered reason for Plaintiff's termination was a mere pretext for retaliating against Plaintiff for reporting unequal pay.

61. As a direct and proximate result of the Defendant subjecting Plaintiff to retaliation due to Plaintiff complaining of harassment, Plaintiff has suffered economic losses, including a loss of wages, benefits, and employment opportunities.

62. As a direct and proximate result of Defendant subjecting Plaintiff to retaliation due to Plaintiff complaining about unequal pay, Defendant has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff, Michele Albano, prays for the following relief:

a. Back pay and lost or diminished benefits;

b. Equitable relief in the form of reinstatement or, in the alternative, front pay and the value of lost future benefits;

c. Compensatory and make whole damages;

d. An award of damages for embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and emotional distress;

f. Punitive damages;

g. Prejudgment interest;

h. Attorneys' fees, expert witness fees and costs; and

i. All other relief just and proper in the premises.

## COUNT III
## VIOLATION OF FEDERAL EQUAL PAY ACT

63. Plaintiff incorporates paragraphs 1 through 42, as if fully set forth herein.

64. While Plaintiff worked for Defendant, Defendant violated the Equal Pay Act by paying her substantially less than her male counterparts.

65. Defendant was wanton, reckless, and intentional in violating the Equal Pay Act in the following ways:

a. In failing to compensate Plaintiff in an equal amount to her male counterparts due to her sex; and

b. In failing to continue to employ Plaintiff due to her complaint about the disparity in pay between her and her male counterparts.

66. In failing to protect Plaintiff from unequal pay based on sex, Defendant acted with malice or reckless indifference to her rights.

67. As a direct and proximate result of Defendant subjecting Plaintiff to unequal pay, Plaintiff has suffered economic losses, including a loss of wages and benefits.

68. As a direct and proximate result of Defendant subjecting Plaintiff to unequal pay on the basis of her sex, Defendant has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff, Michele Albano, prays for the following relief:

a. Back pay and lost or diminished benefits;

b. Equitable relief in the form of reinstatement or, in the alternative, front pay and the value of lost future benefits;

c. Liquidated damages;

d. Prejudgment interest;

e. Attorneys' fees, expert witness fees and costs; and

f. All other relief just and proper in the premises.

## COUNT IV
## RETALIATION IN VIOLATION OF FEDERAL EQUAL PAY ACT

69. Plaintiff incorporates paragraphs 1 through 42, as if fully set forth herein.

70. Under the provisions of the Equal Pay Act, it is unlawful for an employer to retaliate against an employee who has engaged in protected activity of complaining about unequal pay on the basis of sex.

71. Plaintiff engaged in protected activity by complaining about women on the executive team being paid substantially less than the men.

72. After Plaintiff complained about that unequal pay, Defendant retaliated against Plaintiff by:

    a. Allowing the unequal pay to continue to exist; and

    b. Terminating or constructively discharging Plaintiff.

73. Plaintiff was fired or constructively discharged on the basis of engaging in protected activity, in violation of the EPA.

74. Plaintiff's complaints about unequal pay were a determining factor in Defendant's retaliation; but for Plaintiff complaining about unequal pay, she would not have been retaliated against.

75. Defendant's proffered reason for Plaintiff's termination was a mere pretext for retaliating against Plaintiff for reporting unequal pay.

76. As a direct and proximate result of the Defendant subjecting Plaintiff to retaliation due to Plaintiff complaining of unequal pay, Plaintiff has suffered economic losses, including a loss of wages, benefits, and employment opportunities.

77. As a direct and proximate result of Defendant subjecting Plaintiff to retaliation due to Plaintiff complaining about unequal pay, Defendant has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff, Michele Albano, prays for the following relief:

    a. Back pay and lost or diminished benefits;

    b.   Equitable relief in the form of reinstatement or, in the alternative, front pay and the value of lost future benefits;

    c.   Liquidated damages;

    d.   Prejudgment interest;

    e.   Attorneys' fees, expert witness fees and costs; and

    f.   All other relief just and proper in the premises.

## COUNT V
## VIOLATION OF ILLINOIS EQUAL PAY ACT

78. Plaintiff incorporates paragraphs 1 through 42, as if fully set forth herein.

79. While Plaintiff worked for Defendant, Defendant violated the Illinois Equal Pay Act, by paying her substantially less than her male counterparts.

80. Defendant acted with malice or reckless indifference in violating the IEPA in the following ways:

    a.   In failing to compensate Plaintiff in an equal amount to her male counterparts due to her sex;

    b.   In failing to increase Plaintiff's compensation to the level of her male counterparts after being made aware that she was being paid substantially less; and

    c.   In failing to continue to employ Plaintiff due to her complaint about the disparity in pay between her and her male counterparts.

81. Plaintiff's sex was a determining factor in being retaliated against; but for Plaintiff's sex, she would not have been paid less than her male counterparts.

82. As a direct and proximate result of Defendant subjecting Plaintiff to unequal pay, Plaintiff has suffered economic losses, including a loss of wages, benefits, and employment opportunities.

83. As a direct and proximate result of Defendant subjecting Plaintiff to unequal pay, Defendant has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff, Michele Albano, prays for the following relief:

a. Back pay and lost or diminished benefits;

b. Equitable relief in the form of reinstatement or, in the alternative, front pay and the value of lost future benefits;

c. Compensatory and make whole damages;

d. An award of damages for embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and emotional distress;

f. Punitive damages;

g. Prejudgment interest;

h. Attorneys' fees, expert witness fees and costs; and

i. All other relief just and proper in the premises.

## COUNT VI
## RETALIATION IN VIOLATION OF ILLINOIS EQUAL PAY ACT

84. Plaintiff incorporates paragraphs 1 through 42, as if fully set forth herein.

85. Under the provisions of the Illinois Equal Pay Act, it is unlawful for an employer to retaliate against an employee who has engaged in protected activity of complaining about unequal pay on the basis of sex.

86. Plaintiff engaged in protected activity by complaining about women on the executive team being paid substantially less than their male counterparts.

87. After Plaintiff complained about that unequal pay, Defendant retaliated against Plaintiff by:

a. Allowing the unequal pay to continue to exist; and

b. Terminating or constructively discharging Plaintiff.

88. Plaintiff was fired or constructively discharged because she engaged in protected activity, in violation of the Illinois Equal Pay Act.

89. Plaintiff's complaints about unequal pay were a determining factor in Defendant's retaliation; but for Plaintiff complaining about unequal pay, she would not have been retaliated against.

90. Defendant's proffered reason for Plaintiff's termination was a mere pretext for retaliating against Plaintiff for reporting unequal pay.

91. As a direct and proximate result of the Defendant subjecting Plaintiff to retaliation, Plaintiff has suffered economic losses, including a loss of wages, benefits, and employment opportunities.

92. As a direct and proximate result of Defendant subjecting Plaintiff to retaliation, Defendant has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff, Michele Albano, prays for the following relief:

a. Back pay and lost or diminished benefits;

b. Equitable relief in the form of reinstatement or, in the alternative, front pay and the value of lost future benefits;

c. Compensatory and make whole damages;

d. An award of damages for embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and emotional distress;

f. Punitive damages;

g. Prejudgment interest;

h. Attorneys' fees, expert witness fees and costs; and

i. All other relief just and proper in the premises.

Respectfully submitted,

/s/Steven A. Wade
Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands that this case be tried by a jury.

/s/Steven A. Wade
Attorney for Plaintiff

Steven A. Wade
Anesi Ozmon, Ltd.
161 N. Clark Street, #2100
Chicago, IL 60601
312-372-3822
swade@anesilaw.com
#6271068